## Case No. 12,587.

SEARLES et al. v. VAN NEST et al.

[3 Ban. & A. 121;[1] 13 O. G. 772.]

Circuit Court, S. D. New York. Oct., 1877.

PATENTS — WHIP-SOCKETS FOR CARRIAGES — REISSUE.

1. The reissued letters patent, Number 5,400, dated May 6th, 1873, granted to the complainants for "improvements in whip-sockets for carriages," held to be valid, and that the defendants have infringed the same.

2. The reissue is for the same invention described in the original patent.

[This was a bill in equity by Anson Searles and others against Abraham R. Van Nest and others, for an injunction and account.]

J. P. Fitch, for complainants.

C. J. Hunt, for defendants.

WHEELER, District Judge. This cause has been heard on bill, answer, replication, proofs and arguments. The orators are owners of a patent for improvements in whip-sockets for carriages, issued as letters patent No. 70,627, dated November 5, 1867, to the orator Scott, and reissued as letters patent reissue No. 5,400 dated May 6th, 1873, to both orators, and which they claim the defendants are infringing.

The defendants allege that the reissued patent is not for the same invention as the original, and that it is, therefore, void; that what they are doing, and what is claimed to be an infringement, is covered by a patent issued to Henry M. Curtis and Alvah Worden, dated October 22, 1867, prior to the date of Scott's patent, and they deny that what they are so doing is any infringement of the orators' patent.

From the proofs, it appears that Scott is the

———

1 [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]

original and first inventor of the device set forth in his patent. By the statutes, only persons who have "discovered or invented any new and useful art, machine, etc., not known or used by others before his or their discovery or invention thereof," are entitled to patents for their inventions and discoveries, and the fact "that the patentee was not the original and first inventor or discoverer of the thing patented," is a good defence to any suit founded on the patent.

Under these provisions, a patent is not conclusive that the patentee has a right to it, nor that no one else has a right to a patent for the invention described in it; but the right, where there are conflicting patents, is left to be settled by determining who is in fact the first inventor. In this case, settling the fact that Scott was the first inventor, has, accordingly, as between these parties, settled that he was the rightful patentee of that invention.

On looking through his original patent in the light of what was before known, and of the drawings and model, it appears that his invention consists in contriving a whip-socket with its sides curved inwardly toward the bottom, and a lever in one side, pivoted near the middle and weighted on its outside, and curved toward the other side of the socket at each end, and shaped there to fit the whip, so that the weight of the whip would crowd the lower end outward, and thereby move the upper end inward until the whip would be clutched between them and the opposite side of the socket, and held steady until withdrawn, when the upper end would swing outward and the socket remain open, ready to execute it again. In the specification and claim the invention was imperfectly described, and some of its essential features were not mentioned at all. In that condition, the patent was just such a one as the statute provides may be surrendered, and be reissued to cover the actual invention. When reissued, this patent was not for anything outside of what could be found in the original, when looked for in all the parts and accompaniments of it. Nothing appears in the reissue that was not somewhere in the original. The only change made was, that what was there in some shape before, was set forth more methodically and directly in the specification, and more extensively and definitely in the claims. This was precisely what the law authorized, and the validity of the patent was not thereby affected.

The device which the defendants are using is a socket curved inwardly toward the bottom, and one side of it is a lever pivoted near the middle, made heavy on the outside and curved toward the other side at each end, and shaped to fit the whip, so that the weight of the whip will crowd the lower end outward, and thereby throw the upper end inward until the whip is clutched between them and the other side of the socket, and held steady until removed, when the upper end will swing outward and the socket remain open, ready to receive the whip again.

A comparison of these devices shows that they accomplish the same result in substantially the same way. In the defendants' contrivance the lever forms one side of the socket, and what there is left without it is only one-half of a socket, and the appearance of the two things is thereby made to be quite different; but in the orators' device, although almost the whole of a socket beside the lever is there, in use, only the side of it opposite the lever is employed, which is the same part as that employed by the defendants, and the part is employed in the same manner, and for the same purpose, and to the same effect as that part of the defendants' is. In that respect the defendants have taken away the superfluous part of the socket that the orators retained without using. The lever of the defendants is weighted outward by metal composing it and its shape, while that of the orators was by the addition appended to its outside; but the difference in the mode of weighting the lever is not material in the use, nor made so in the patent.

In convenience and appearance, the defendants' socket would, in the minds of most persons, probably be an improvement upon the orators', and perhaps it is such an improvement that the patent under which they are operating will cover it; but whether it is so or not, while they employ the patentee's device of the orators in what they use, the use is none the less an infringement.

Let a decree be entered for a reference to a master, an account, and an injunction, according to the prayer of the bill.

[For a rehearing of this cause, in which the decree was the same as above, see Case No. 12,587a.
[For another case involving this patent, see Searls v. Worden, 11 Fed. 501.]